Leonard v. State.

MARK LEONARD, TREASURER OF SCHOOL DISTRICT NO. 39, KEITH COUNTY, v. STATE OF NEBRASKA, EX REL. WESLEY TRESSLER, COUNTY SUPERINTENDENT OF PUBLIC INSTRUCTION OF KEITH COUNTY.

FILED FEBRUARY 17, 1903.   No. 12,581.

Commissioner's opinion, Department No. 2.

1. **Treasurer of School District:** ORDERS: REGISTRATION: PAYMENT: MANDAMUS. It is the duty of the treasurer of a school district to register and pay, from the funds in his hands as treasurer, orders properly drawn by the director and countersigned by the moderator, and if he refuses to pay such orders, mandamus will lie to compel the performance of such duty.

2. **Repairs on Schoolhouse:** DIRECTOR: MODERATOR: CONTRACT. The director of a school district, with the consent of the moderator, may contract for repairs on a schoolhouse of the district during vacation.

3. **Contract:** REGULAR MEETING. It is not necessary that such contract be entered into at a regular meeting of the school board of the district.

ERROR from the district court for Keith county. Application, on the relation of the county superintendent, for a writ of mandamus to the treasurer of school district numbered 39, to require him to register and pay a certain school order. Heard below before GRIMES, J. Writ allowed. *Affirmed.*

*John H. Bower,* for plaintiff in error.

*H. E. Goodall, contra.*

OLDHAM, C.

This was an action of mandamus brought by the county superintendent of Keith county, Nebraska, to compel the treasurer of a school district of said county to register and pay a certain school order. The affidavit, which takes the place of a petition, sets forth the official capacity of the relator; the fact that the director and moderator of the

Syllabus by court; catch-words by editor.

school district had contracted for repairs to the schoolhouse and the erection of an outhouse adjacent thereto; that the work had been performed by the party named in a proper and satisfactory manner; that the order had been drawn by the director and countersigned by the moderator of the district, and duly presented to the treasurer, who refused to register and pay the same; that the disputed matter was referred to the relator as county superintendent, who decided that the objections of the treasurer were not well taken and directed the order to be registered and paid, which the treasurer of the school district wrongfully refused to do. The return and answer of the respondent to the alternative writ admitted the facts set forth in the affidavit, but alleged that the contract made with the moderator and director of the district for repairs to the building was not entered into at a regular meeting of the board, and was made in vacation, while no term of school was in session, and over the objection of the respondent. A demurrer was filed to this answer and sustained by the trial court, and, respondent refusing to further plead, the writ was allowed and respondent brings the cause here on error.

The authority of the county superintendent to maintain an action of this nature is specifically conferred by section 11, subdivision 3, chapter 79, Compiled Statutes (Annotated Statutes, sec. 11055), and has been approved by this court in *Montgomery v. State,* 35 Nebr., 655, 659.

The only contention urged against the allowance of the writ is that the contract was not entered into at a regular meeting of the board. This contention, we think, is without merit, in view of the provisions of section 13, subdivision 4, chapter 79, Compiled Statutes (Annotated Statutes, sec. 11068), which is as follows: "The director shall, with the concurrence of the moderator and treasurer, or either of them, provide the necessary appendages for the schoolhouse, and keep the same in good condition and repair during the time school shall be taught in said schoolhouse, and shall keep an accurate account of all expenses incurred

by him as director. Such account shall be audited by the moderator and treasurer, and on their written order shall be paid out of the general school fund." This section clearly confers the right on the director of a school district, with the concurrence of either the moderator or the treasurer, to contract for improvements and repairs on the schoolhouse during the time it is occupied for school purposes; it is not necessary that school be actually in session or that the board as such be in regular meeting at the time the contract is made. The duty is imposed upon the director to keep the house in repair, and only requires that he have the concurrence of either the moderator or the treasurer when he contracts for such repairs. In the case at bar it is admitted that the contract for the improvements and repairs was made with the consent of the moderator. This is all the statute requires, and when this was done and the order of the director, countersigned by the moderator, was presented to the treasurer, it was his duty under the provisions of section 5, subdivision 4, chapter 79, Compiled Statutes (Annotated Statutes, sec. 11060), to register and pay the order.

It is therefore recommended that the judgment of the district court be affirmed.

BARNES and POUND, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.